**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF WASHINGTON
UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101

**ROBERT S. LASNIK**
DISTRICT JUDGE                                                                                           (206) 370-8810

October 24, 2024

Heather N. Deenski                         Jennifer E. Aragon
Cedar View Law, PLLC                 Fosbeg & Umlauf, P.S.
108 Union Avenue                          901 Fifth Avenue, Suite 1400
Snohomish, WA 98290                   Seattle, WA 98164

**Delivered Via CM/ECF**

RE:   *Walsh v. Safeco Ins. Co. of Am.*, C23-1862RSL
        Stipulated Protective Order

Dear Counsel:

On October 23, 2024, the Court received your proposed "Stipulated Motion for a Protective Order." Dkt. # 17.

Pursuant to Fed. R. Civ. P. 26(c), protective orders may be entered to protect parties from annoyance, embarrassment, or undue burden or to protect confidential commercial information. Such protective orders may issue upon a showing of good cause.

Although parties may agree on confidentiality among themselves, when they request that the Court be involved, the proposed order must be narrowly drawn, identifying both the type of information that is to be protected and, if not obvious, the reason such protection is warranted. The order must also comply with the applicable federal and local procedural rules.

The agreed protective order submitted in this case is deficient because it is too broad and gives too much discretion to the parties to designate information as "confidential." The order mentions types of information that Safeco may designate as confidential, but then states that the listed documents may not, in fact, be confidential at all. The order also

purports to grant to the parties the power to expand the list of confidential documents as they see fit. Any protective order entered by the Court must clearly identify the class or type of documents subject to the order and the need for confidentiality, and any modification of a protective order entered by the Court must be approved and signed by the Court. As written, the parties' description of "confidential" documents imposes virtually no limit on what corporate documents could be shielded from public view and no assurance that the designated documents are actually confidential.

The agreed protective order received by the Court will remain lodged in the file, but will not be entered. The parties may resubmit a proposed order if they remedy the deficiencies identified in this letter.

Sincerely,

Robert S. Lasnik
United States District Judge